**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

_____

| | |
|---|---|
| **LENORA ARMSTEAD,** | ) |
|     **Plaintiff,** | ) |
| v. | )   **Civil Action No. _____** |
| **TYLOR BUCKINGHAM, Individually and his capacity as employee/agent and THE UNITED STATES OF AMERICA.**) | |
|     **Defendant.** | ) |

_____

**COMPLAINT**
_____

      This is an action brought by Plaintiff Lenora Armstead against the Defendant United States of America under the Federal Tort Claims Act, as codified at 28 U.S.C. §§ 2671 et seq. As more specifically set forth herein, the Defendant's actions and/or omissions caused the Plaintiff to suffer bodily injury and lost wages. In support thereof, Plaintiff would state the following:

**JURISDICTION**

    1.   This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1). All administrative prerequisites have been met in that Plaintiff, pursuant to 28 U.S.C. § 2675(a), filed a timely claim with the appropriate federal agency prior to the institution of this action.

        The federal agency notified the Plaintiff on June 1, 2009 that it rejected the Plaintiff's claim as submitted. Therefore pursuant to 28 U.S.C. § 267 5(a) Plaintiff received a final denial of her claim on July 6, 2009 and brings this action to protect her rights.

## FACTS

2. Plaintiff Lenora Armstead is an adult citizen of the State of Tennessee and a resident of the City of Memphis, Shelby County, Tennessee.

3. Defendant United States of America, by and through the Department of Army, an agency of the Defendant, did and still does employ Sgt. Tylor Buckingham and at the time of the accident, Sgt. Buckingham was operating a vehicle owned by the U.S. Government.

4. The accident complained of occurred on or about June 5, 2008 Danny Thomas Blvd in Memphis, Shelby County, Tennessee. Thus, venue is properly laid in this Court.

5. On June 5, 2008, Plaintiff was driving northbound on Danny Thomas Blvd. At approximately 4:30 p.m., Defendant attempted to make a u-turn on Beale Street and struck the Plaintiff's vehicle.

6. Defendant's inattentive, reckless, and negligent manner of operation of the vehicle he was driving at the time of the collision was the direct and proximate cause of the accident in question, which resulted in severe personal injuries and property damage sustained by the Plaintiff.

## ACTS OF NEGLIGENCE

7. Plaintiff incorporates paragraph nos. 1 through 6 above as if fully set forth herein.

8. Plaintiff alleges that the Defendant was guilty of the following Acts of Common Law Negligence:

a. Failing to keep his vehicle under proper and adequate control;

b. Failure to maintain control of his vehicle;

c. Failing to stop his vehicle before the same came in contact with the Plaintiff's vehicle;

d. Failure to keep a proper lookout;

 e. Failure to exercise that degree of care and caution which an ordinary and prudent person would have exercised under the same or similar circumstances;

 f. Driving in a reckless manner without due regard for the safety of others lawfully upon the roadway;

 g. Failure to exercise proper caution and while driving upon the roadway;

 h. Negligently causing the accident in question to occur.

9. Plaintiff alleges the above acts of individual and collective negligence, carelessness and recklessness on the part of the Defendant herein were the direct and proximate cause of the collision in question.

10. Plaintiff incorporates paragraph nos. 1 through 9 above as if fully set forth herein.

11. Plaintiff alleges that the Defendant was guilty of violating the following City Ordinances of the City of Memphis which were in full force and effect at the time the accident occurred, and each constituting separate and distinct act of negligence per se, which was a direct and proximate cause of the aforesaid collision and ensuing injuries to Plaintiff:

 a. Sec. 21-87. Duty to devote full time and attention to operating vehicle. It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure under the then existing circumstances endangers life, limb, or property.

 b. Sec. 21-88. Duties to drive at a safe speed, maintain lookout, and keep vehicle under control. Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver shall: (1) Operate his vehicle at a safe speed (2) Maintain a safe outlook (3) Use due care to keep vehicle under control.

 c. Sec. 21-128. Reckless Driving
  (a) Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

    (b) Violation of this section shall be a misdemeanor punishable as provided in section 1-8 of this Code.

## NEGLIGENCE PER SE
## STATUTES OF THE STATE OF TENNESSEE

12.    Plaintiff incorporates paragraph nos. 1 through 11 above as if fully set forth herein.

13.    Plaintiff alleges that the Defendant was negligent *per se* in that he violated, including but not limited to, the following motor vehicle statutes under the Tennessee Code Annotated, each and every one of said statutes being in full force and effect at the time and place of the aforementioned collision, and each constituting a separate distinct act of negligence per se, which was a direct and proximate cause of the aforesaid collision and ensuing injuries to Plaintiff, to wit:

a.    Section 55-8-103    Required obedience to traffic laws.

b.    Section 55-8-136    Drivers to exercise due care.

c.    Section 55-10-205    Reckless driving.

16. As a direct and proximate result of the aforementioned acts of common law negligence, violations of city ordinances, and state traffic statutes, one or more of the same committed by the Defendant, Plaintiff has been caused to suffer and incur the expenses and damages hereinafter set forth.

## INJURIES AND DAMAGES

14.    Plaintiff incorporates paragraph nos. 1 through 13 above as if fully set forth herein.

15. As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff is entitled to recover for the following damages:

a. Bodily injuries including injury to Plaintiff's back, neck and lower back, which required medical treatment for almost one-year.

b. Medical expenses past and future;

c. Physical pain and suffering;

d. Severe emotional distress and Fright;

e. Various other out of pocket expenses;

f. Loss of enjoyment of life.

## **RELIEF SOUGHT**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays:

1. That process issue on the United States of America and that the Defendant be required to appear and answer the complaint within the time allowed by law.

2. That Plaintiff be awarded a judgment against the Defendant in an amount not to exceed $100,000.00 to compensate Plaintiff for the injuries and losses.

3. That attorney's fees and costs of this action be awarded to the Plaintiff and/or Plaintiff's counsel.

4. That such other and further legal and equitable relief be granted to Plaintiff as she may be entitled.

RESPECTFULLY SUBMITTED,

**THE WHARTON FIRM**

__s/Ruby R. Wharton_____
RUBY R. WHARTON, B.P.R. # 4543
Attorney for the Plaintiff
1575 Madison Ave.
Memphis, TN.  38104
901-726-6884